BRANDON D. SAXON  (SBN:  252712)
bsaxon@grsm.com
GORDON & REES SCULLY MANSUKHANI, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101
Telephone:  (619) 544-7229
Facsimile:  (619) 696-7124

Attorney for Defendant
BARNARD CONSTRUCTION COMPANY, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

MARGARITO RAMIREZ ROJAS, an individual and on behalf of all others similarly situated,

Plaintiff,

vs.

BARNARD CONTRUCTION, a Montana corporation; BARNARD CONSTRUCTION COMPANY, INC., a Montana corporation; and DOES 1 through 100, inclusive,

Defendants.

CASE NO.: **'22CV0533 AJB  KSC**

*Imperial County Superior Court Case No. ECU002117*

**DEFENDANT BARNARD CONSTRUCTION COMPANY, INC'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1332(D) AND 1453 (CLASS ACTION FAIRNESS ACT)**

[Filed and served concurrently with Declaration of Alexander Marx and Declaration of Benjamin Campbell]

*Gordon Rees Scully Mansukhani, LLP*
*101 W. Broadway, Suite 2000*
*San Diego, CA 92101*

1

**TABLE OF CONTENTS**

2

**Page**

3    I.    Background ......................................................................................... 1

4    II.    Removal Is Timely ............................................................................ 2

5    III.    Venue Is Proper ................................................................................ 2

6    IV.    Removal Is Proper Pursuant to Diversity Jurisdiction Under the Class
         Action Fairness Act .......................................................................... 2

7

8              A.    There Is Minimal Diversity Under CAFA ............................. 3

9              B.    CAFA's Numerosity Requirement Is Satisfied ..................... 4

              C.    The Amount in Controversy Exceeds $5,000,000 ................. 5

10

11                    ALLEGED UNPAID OVERTIME WAGES .................................... 7

12                    ALLEGED UNPAID MEAL AND REST PREMIUMS ................... 8

13                    WAITING TIME PENALTIES ..................................................... 9

14                    ALLEGED WAGE STATEMENT PENALTIES ............................. 9

15                    PLAINTIFF'S CLAIMS AS APPLIED TO CLASS ...................... 10

16    V.    All Procedural Requirements For Removal Have Been Met....................... 12

      VI.    Conclusion.......................................................................................... 13

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA  92101

**NOTICE OF REMOVAL TO FEDERAL COURT**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*,
465 F.2d 489 (9th Cir. 1972).................................................................... 5

*Burns v. Windsor Ins. Co.*,
31 F.3d 1092 (11th Cir. 1994).................................................................. 6

*Dart Cherokee Basin Operating Co. v. Owens*,
574 U.S. 81 (2014)............................................................................... 6, 7

*Gait G/S v. JSS Scandinavia*,
142 F. 3d 1150 (9th Cir. 1998)................................................................. 5

*Harris v. Bankers Life & Cas. Co.*,
425 F.3d 689 (9th Cir. 2005).................................................................... 2

*Hertz Corporation v. Friend, et al.*,
130 S.Ct. 1181 (2010)............................................................................. 4

*Ibarra v. Manheim Invs., Inc.*,
775 F.3d 1193 (9th Cir. 2015).................................................................. 6

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
199 F. Supp. 2d 993 (C.D. Cal. 2002) ..................................................... 6

*Korn v. Polo Ralph Lauren Corp.*,
536 F.Supp.2d 1199 (E.D. Cal. Feb. 27, 2008)........................................ 5

*Kroske v. US Bank Corp.*,
432 F.3d 976 (9th Cir. 2005).................................................................... 6

*Lewis v. Verizon Comm., Inc.*,
627 F.3d 395 (9th Cir. 2010).................................................................... 6

*Lowdermilk v. U.S. Bank*,
479 F.3d 994 (9th Cir. 2007).................................................................. 12

*Patel v. Nike Retails Services*,
58 F.Supp.3d 1032 (N.D. Cal. 2014) ..................................................... 12

*Rippee v. Boston Mkt. Corp.*,
408 F. Supp. 2d 982 (S.D. Cal. 2005)...................................................... 6

*Singer v. State Farm Mut. Ins. Co.*,
116 F.3d 373 (9th Cir. 1997).................................................................... 6

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003).................................................................. 12

*Gordon Rees Scully Mansukhani, LLP*
*101 W. Broadway, Suite 2000*
*San Diego, CA 92101*

-ii-

*Valdez v. Allstate Ins. Co.*,
    372 F.3d 1115 (9th Cir. 2004) .............................................................. 5

*Van Noland v. Pelletier*,
    2010 U.S. Dist. LEXIS 33554 (E.D. Cal. April 6, 2010) ...................... 4

**Statutes**

28 United States Code
    Section 1332 ................................................................... 1, 3, 4, 13

28 United States Code
    Section 1391 ............................................................................... 2

28 United States Code
    Section 1441 ............................................................................... 2

28 United States Code
    Section 1446 ........................................................................ 2, 12

28 United States Code
    Section 1453 ..................................................................... 1, 3, 13

28 United States Code
    Section 84 ................................................................................. 2

Labor Code
    Section 203 ............................................................................... 9

Labor Code
    Section 226 ........................................................................ 9, 10, 11

Labor Code
    Section 227.3 ............................................................................ 1

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

**NOTICE OF REMOVAL TO FEDERAL COURT**

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF AND TO HIS RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant BARNARD CONSTRUCTION COMPANY, INC. ("Defendant") hereby removes the above-entitled action from the Imperial County Superior Court to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332(d) and 1453.

## I. BACKGROUND

1.      On October 20, 2021, a state court action was commenced in the Imperial County Superior Court entitled *Margarito Ramirez Rojas v. Barnard Construction and Barnard Construction Company, Inc.*, Case No. ECU002117 (the "State Court Action"). The Complaint was served upon Defendant Barnard Construction Company, Inc. ("Barnard Inc.") on November 9, 2021.  The other named defendant, "Barnard Construction," is not a legal entity and on information and belief was erroneously named a defendant.  Copies of all the pleadings filed in the State Court Action to date are attached as Exhibit A to the Declaration of Alexander Marx ("A. Marx Decl."), filed concurrently herewith.

2.      On January 3, 2022 Plaintiff field a First Amended Complaint (the "Amended Complaint") in the State Court Action. The Amended Complaint was served on Defendants on January 3, 2022.

3.      The Amended Complaint alleges ten causes of action: (1) Failure to Pay Overtime Wages; (2) Failure to Pay Minimum Wages; (3) Failure to Provide Meal Periods; (4) Failure to Provide Rest Periods; (5) Waiting Time Penalties; (6) Wage Statement Violations; (7) Failure to Pay Timely Wages; (8) Violation of Labor Code § 227.3; (9) Unfair Competition; (10) Civil Penalties under the Private Attorneys General Act ("PAGA").

4.      Copies of all the pleadings filed in the State Court Action to date are attached and collectively marked as Exhibit "A" to the Declaration of Alexander

**NOTICE OF REMOVAL TO FEDERAL COURT**

Marx ("A. Marx Decl."), filed concurrently herewith.

## II.  REMOVAL IS TIMELY

5.     This Notice of Removal is timely because it is being filed on April 15, 2022, which is within thirty (30) days of April 7, 2022, the date when it was first ascertained that the case was removable. 28 U.S.C. § 1446(b)(3). See A. Marx Decl., ¶ 4.

6.     It was not ascertainable on the face of either the Complaint or the Amended Complaint that the State Court Action was removable under diversity jurisdiction. In particular, neither the Complaint nor the Amended Complaint specified an amount in controversy. And, neither the Complaint nor the Amended Complaint stated the citizenship of the parties. See *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (Explaining that notice of removability is determined by the "four corners of the applicable pleadings[.]").

7.     On April 7, 2022 Defendants ascertained that the named Plaintiffs are, and were at all relevant times, citizens of the State of Arizona. A. Marx Decl., ¶ 4.

8.     On April 1, 2022, Defendants ascertained, as explained below, that the amount in controversy in the State Court Action is greater than $5,000,000. A. Marx Decl., ¶ 5. Accordingly, removal is timely.

## III.  VENUE IS PROPER

9.     The State Court Action was filed and is pending in the Superior Court of the State of California for the County of Imperial. Venue therefore properly lies this District because the Southern District of California encompasses the county of Imperial.  (See 28 U.S.C. §§ 84(a), 1391, 1441(a).)

## IV.  REMOVAL IS PROPER PURSUANT TO DIVERSITY JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

10.     This action is a civil action over which the Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1453 (removal of class actions), because it is a civil action consisting of over one hundred (100) putative class members, involving an amount in controversy exceeding $5,000,000, and there is minimal diversity where the putative class members have different citizenship than the Defendants. (See 28 U.S.C. § 1332(d) [providing that district courts have original jurisdiction over a class action where (1) the class consists of 100 members or more; (2) the amount in controversy exceeds the sum of $5,000,000, exclusive of costs and interests; and (3) any member of the class is a citizen of a state different from any defendant].)

11.    Without conceding any merit to Plaintiff's claims or ability to certify the putative class, or any class (which Defendants deny), the elements of CAFA jurisdiction are satisfied.

**A.    There Is Minimal Diversity Under CAFA**

12.    Removal under CAFA requires minimal diversity—i.e., one of the defendants must be diverse from any one of the class members, whether named or unnamed. (28 U.S.C. § 1332(d)(2)(A) (diversity is satisfied if "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 28 U.S.C. § 1332(d)(1)(D) (for purposes of CAFA, "the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action").

13.    At all relevant times, including the date the State Court Action was filed and the date of this removal, Plaintiff was a citizen of the State of Arizona. A. Marx Decl., ¶ 4.

14.    Defendant Barnard Construction Company, Inc. is a corporation organized under the laws of the State of Montana. Declaration of Benjamin Campbell ("B. Campbell Decl."), ¶ 3. At all relevant times, including the date the State Court Action was filed and the date of this removal, Barnard Construction Company, Inc. has maintained its principal place of business in the City of Bozeman, State of Montana. B. Campbell Decl., ¶ 4. Further, the majority of the

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**NOTICE OF REMOVAL TO FEDERAL COURT**

salaried employees, property, and tangible assets of Barnard Construction Company, Inc. are located in the State of Montana. B. Campbell Decl., ¶ 3. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business…").

15.    In *Hertz Corporation v. Friend, et al.*, 130 S.Ct. 1181 (2010), the United States Supreme Court adopted the "nerve center" test for determining corporation citizenship in diversity jurisdiction cases.  The Court determined that a corporation's "principal place of business" is the "place where a corporation's high level officers direct, control, and coordinate the corporation's activities. (*Hertz Corp.,* 130 S.Ct. at 1186; *see also Van Noland v. Pelletier*, 2010 U.S. Dist. LEXIS 33554, *6-7 (E.D. Cal. April 6, 2010) (replying on the newly issued *Hertz opinion*).)  Under the "nerve center" test, Defendant Barnard Construction Company, Inc. is a citizen of the State of Montana.

16.    In addition, because the Complaint purports to be brought on behalf of "all current and former non-exempt employees of Defendants **within the state of California** at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class" (Exhibit A, Amended Complaint, at ¶35) it is reasonable to assume that most, if not all, potential class members are not citizens of Montana and are, therefore, diverse from Defendants.

17.    Because the State Court Action was filed in California and Defendant is not a citizen of California, neither the Local Controversy Exception (28 U.S.C. § 1332(d)(4)(A) nor the Home-State Exception (28 U.S.C. § 1332(d)(4)(B) to diversity jurisdiction under CAFA applies to this case.

**B.    CAFA's Numerosity Requirement Is Satisfied**

18.    Plaintiffs' proposed class definition includes "all current and former non-exempt employees of Defendants within the state of California at any time

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

**NOTICE OF REMOVAL TO FEDERAL COURT**

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

commencing four (4) years preceding the filing of Plaintiff's complaint" up to the present. Exhibit A, Amended Complaint, ¶35.

19.     A review of Defendants' records indicates that there are approximately **five hundred (500)** individuals for the Class Period who meet Plaintiffs' proposed definition. B. Campbell Decl., ¶ 5. CAFA's numerosity requirement (minimum 100 class members) is satisfied.

**C.     The Amount in Controversy Exceeds $5,000,000**

20.     While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because the amount in controversy exceeds the $5,000,000 jurisdictional limit pursuant to CAFA. *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199 (E.D. Cal. Feb. 27, 2008) (holding that the amount in controversy in the aggregate, for diversity purposes, must exceed the sum or value of $5,000,000).  As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).  In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees.  *Gait G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); see also *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

21.     Although Defendant denies any liability for the damages alleged in Plaintiff's Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must look to the allegations of Plaintiff's Complaint and presume that Plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993,

**NOTICE OF REMOVAL TO FEDERAL COURT**

1001 (C.D. Cal. 2002) (*citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis "presumes plaintiff prevails on liability"). In other words, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

22.    Plaintiff asserts that the relevant class period is "four (4) years prior to the filing of the Complaint in this action" up to the present. Exhibit A, Amended Complaint, ¶ 35.

23.    Here, the claims in the Amended Complaint establish the amount in controversy for the Plaintiff. Plaintiff's Amended Complaint alleges claims for unpaid wages and overtime, mail and rest periods, waiting time penalties, wage statement penalties, unfair business practices, and civil penalties under PAGA. Plaintiff claims damages including, but not limited to, lost wages, statutory liquidated damages (double damages) for failure to pay minimum wages, statutory penalties, injunctive relief, interest and attorneys' fees and costs. Exhibit A, Amended Complaint, Prayer for Relief.

24.    Plaintiff's Complaint and Amended Complaint are silent as to the total amount of damages claimed. When the amount in controversy is not readily apparent from a complaint, "the court may consider facts in the removal petition" to determine the potential damages at issue. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). A defendant must provide "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); see also *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197-98 (9th Cir. 2015) ("[A] defendant can establish the amount in controversy by an unchallenged, plausible assertion of

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

the amount in controversy in its notice of removal."). The defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart*, 574 U.S. at 87.

25.    The total amount in controversy for all potential class members exceeds the sum of five million dollars ($5,000,000), exclusive of interest and costs.  Defendants meet their burden based on the following:

26.    As noted above, Plaintiffs' proposed class definition includes "all current and former non-exempt employees of Defendants within the state of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint" up to the present. Exhibit A, Amended Complaint, ¶35.

27.    A review of Defendants' records indicates that there are approximately 500 individuals for the Class Period who meet Plaintiffs' proposed definition. B. Campbell Decl., ¶ 5.

28.    Accordingly, if the *average* class member's damages total more than $10,000, the amount in controversy is satisfied.

29.    A review of only *some* of Plaintiff's claims demonstrates that the amount in controversy for the proposed class as a whole is well in excess of the jurisdictional minimum.

## ALLEGED UNPAID OVERTIME WAGES

30.    Plaintiff's first cause of action alleges that Defendant was required to, but did not, compensate Plaintiff for overtime hours and double time hours worked as required under the Wage Orders and California Labor Code. Exhibit A, Amended Complaint, ¶¶ 45-51. The Amended Complaint does not specify the number of overtime hours that plaintiffs worked, but merely states that Plaintiff and other purported class members were required to "at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays." *Id*., ¶ 50.

31.    Based on Plaintiffs' allegations, Defendants conservatively estimate

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

NOTICE OF REMOVAL TO FEDERAL COURT

that Plaintiff contends he worked at least 42 hours a week, totaling approximately 2 hours of overtime for each workweek. This is a conservative estimate based on Plaintiffs' allegations, which does not consider any double time Plaintiffs allege they might be owed.

32.    Plaintiff alleges that he worked for Defendant in California from "approximately November of 2020 through approximately November of 2021."

33.    The Amended Complaint does not specify Plaintiff's hourly wage. However, Defendant's records show that Plaintiff was paid an average hourly California wage of $37.86 per hour. B. Campbell Decl., ¶ 4.

34.    Based on the assumption that Plaintiff worked approximately 2 hours of overtime for each workweek, **Plaintiff is claiming he is entitled to approximately $1,893.00 in unpaid wages**. ($18.93 Unpaid Overtime Premium x 50 workweeks x 2 hours overtime worked per week = $1,893.00)

### ALLEGED UNPAID MEAL AND REST PREMIUMS

35.    Plaintiff's third cause of action alleges that Plaintiff and class members "were, at times, not provided" compliant meal breaks and that and Defendant "failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods." Exhibit A, Amended Complaint, at ¶ 62.

36.    Plaintiff's fourth cause of action alleges that Plaintiff and class members were "at times, not authorized or permitted to" take compliant rest breaks and that Defendant "failed to provide one (1) additional hour of pay at the Class Members' regular rate of compensation on the occasions that the Class Members were not authorized or permitted to take compliant rest periods." Exhibit A, Amended Complaint, at ¶ 70.

37.    Based on Plaintiff's allegations, Defendant conservatively estimates that Plaintiff contends that, on at least one day per week, Plaintiff missed an

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

NOTICE OF REMOVAL TO FEDERAL COURT

uncompensated meal period and/or rest period.

38.    Based on the assumption that Plaintiff missed an uncompensated meal and/or rest period two days per per week, **Plaintiff is claiming he is entitled to $1,893.00 in missed meal and breaks** ($37.86 Missed Meal and Rest Break Premium Rate x 50 workweeks x 1 days with missed meal and/or reset breaks per week = $1,893.00).

## WAITING TIME PENALTIES

39.    Plaintiff's fifth cause of action is for failure to pay all final wages on time. Exhibit A, Amended Complaint ¶¶ 74-81. Plaintiff alleges waiting time penalties under Cal. Labor Code § 203. *Id.* ¶ 79. § 203 provides for up to 30 days' wages as a "waiting time" penalty for employers who willfully do not pay all final wages in a timely manner. Plaintiff alleges that he last worked for Defendant in or around November of 2021. *Id.* ¶ 3. More than 30 days have passed since Plaintiff alleges he last performed work for Defendant. Given his allegations of unpaid overtime and denial of meal periods and rest breaks, Plaintiff alleges he is entitled to recover penalties for up to 30 days of wages. Estimating that Plaintiff worked an average of eight-and-four-tenths (8.4) hours per day based on his allegations that he and other class members were required to "at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays" (*Id.* ¶ 50), Plaintiff's claim for alleged waiting time penalties is as follows:

40.    Plaintiff is claiming that he is entitled to **$9,768.00** in waiting time penalties ([8 hours at $37.86 hourly rate of pay] + [0.4 hours at $56.79 overtime premium rate] = $325.60 daily wage x 30 days' worth of penalties = $9,768.00.

## ALLEGED WAGE STATEMENT PENALTIES

41.    Plaintiff's sixth cause of action is for failure to provide accurate wage statements. Exhibit A, Amended Complaint, ¶¶ 82-89. Plaintiff alleges wage statement penalties under Cal. Labor Code § 226. § 226 provides for

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-9-

recovery of $50 for the initial pay period in which a violation of § 226 occurred and $100 for each violation of § 226 in a subsequent pay period, to exceed an aggregate of $4,000.00 per employee.

42.    Plaintiff alleges that Defendant adopted policies and practices that "resulted in [its] failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer, among other things." Exhibit A, Amended Complaint, ¶ 85.

43.    Plaintiff's Amended Complaint alleges that Plaintiff worked for defendant "from approximately November of 2020 through approximately November of 2021" Exhibit A, Amended Complaint, ¶ 3. Accordingly, Plaintiff would have received biweekly wage statements on approximately 26 occasions.[1]

44.    Estimating, conservatively, that Plaintiff alleges that half of all biweekly wage statements Defendant issued were inaccurate, **Plaintiff is claiming that he is entitled to $1,250.00 in wage statement penalties** (13 total violations; $50 for the initial violation + [$100 x 12 subsequent violations] = $1,250.00.

### PLAINTIFF'S CLAIMS AS APPLIED TO CLASS

45.    Because Plaintiff claims that his claims are representative of the class as a whole, it is reasonable to infer that Plaintiff does not allege that he is an outlier but rather that his damages would be comparable to the damages of the median class member. Accordingly, it is generally reasonable to calculate the

[1] Plaintiff's original complaint in the State Court Action was filed on October 20, 2021 (Exhibit A, Complaint); accordingly, any violation from November 2020 to November 2021 would fall within the 1-year statute of limitations for § 226 penalties.

NOTICE OF REMOVAL TO FEDERAL COURT

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

amount in controversy for the class as a whole by extrapolating the estimated value of Plaintiff's claims across the entire class.

46.    An exception to this, however, is waiting time penalties, where it is reasonable to assume that Defendant still employs some potential class members. Defendant will, therefore, conservatively assume that 50% of the potential class members are still employed by Defendant (and would thus be ineligible for waiting time penalties), and will reduce the estimated average recovery on waiting time penalties for each class member by 50% from Plaintiff's estimated claim, resulting in a per-class-member claim of $4,884.00 ($9,678.00 x 50%).

47.    Another exception is wage statements penalties, where it is reasonable to assume that some potential class members' claims would be barred by the one-year statute of limitations for § 226. Accordingly, Defendant will also reduce the estimated average recovery on wage statement penalties for each class member by 50% from Plaintiff's estimated claim, resulting in a per class-member claim of $625.00 ($1,250.00 x 50%).

48.    Applying the above assumptions to the class as a whole results in an amount in controversy for the above claims (which are not all the claims Plaintiff asserts) as follows:

        a.     Overtime Wages: $1,893.00

        b.     Missed Meal and Rest Breaks: $1,893.00

        c.     Waiting Time Penalties: $4,884.00 ($9,678.00 x 50%)

        d.     Wage Statement Penalties: $625.00 ($1,250.00 x 50%)

        e.     TOTAL ESTIMATED PER CLASS MEMBER ON ABOVE CLAIMS: $9,295.00

49.    As shown above, even under Defendant's conservative assumptions, the total amount in controversy for the class as a whole *for just the above claims* is $4,647,500 (estimated $9,295.00 x 500 potential class members) – nearly reaching the $5,000,000 minimum threshold for CAFA, without even including

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

NOTICE OF REMOVAL TO FEDERAL COURT

all of Plaintiff's claims. This amount also does not account for attorneys' fees, which are provided by statute and which are properly included as part of the amount in controversy. *Lowdermilk v. U.S. Bank*, 479 F.3d 994, 1000 (9ᵗʰ Cir. 2007) (superseded on other grounds as recognized in *Patel v. Nike Retails Services*, 58 F.Supp.3d 1032, 1037 (N.D. Cal. 2014)). In the Ninth Circuit, an award of attorneys' fees is typically 25% of any judgment in favor of the plaintiff. *See Staton v. Boeing Co.,* 327 F.3d 938, 968 (9ᵗʰ Cir. 2003) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees."). Here, including potential attorneys' fees would increase the amount in controversy by an additional $1,161,875 ($4,647,500 x 25%). This would bring the total in controversy to **$5,809,375**. Given that including all of Plaintiff's claims as well as injunctive relief and other relief sought by Plaintiff would result in an even higher amount, CAFA's amount in controversy requirement is easily satisfied.

## V.    ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

50.    Venue is proper with the Southern District of California in that this action is presently pending in the Superior Court of the State of California, County of Imperial, which is within the venue of the United States District Court for the Southern District of California.

51.    As required by 28 U.S.C. § 1446, a copy of the entire case file in the State Court Action which includes copies of "all process, pleadings, and orders served upon such defendant" is attached to this Notice of Removal as Exhibit A to the Declaration of Alexander Marx, filed concurrently herewith.

52.    A copy of this Notice of Removal is being filed with the clerk of the Imperial County Superior Court.

53.    A copy of this Notice of Removal is also being served on counsel for Plaintiff.

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

NOTICE OF REMOVAL TO FEDERAL COURT

## VI.    CONCLUSION

For the reasons stated above, Plaintiff's claims are properly removable under 28 U.S.C. §§ 1332(d) and 1453 to due diversity jurisdiction under CAFA. Defendants respectfully request that this Court proceed with this matter.

Dated:  April 18, 2022

GORDON & REES SCULLY MANSUKHANI, LLP

By:    /s/ Brandon D. Saxon_____
Brandon D. Saxon
Attorneys for Defendant
BARNARD
CONSTRUCTION
COMPANY, INC

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

1255248/63839559v.2

-13-
**NOTICE OF REMOVAL TO FEDERAL COURT**